OPINION
On February 28, 1999, Jonathan M. Steffy was arrested and charged with operating a motor vehicle while under the influence of alcohol ("OMVI"), in violation of R.C. 4511.19; and with failing to maintain an assured clear distance ahead ("ACDA"), in violation of R.C. 4511.21. Mr. Steffy, through counsel, demanded a jury trial on the OMVI charge.
A jury trial on the OMVI began on June 9, 1999. The trial judge, as trier of fact, considered the merits of the ACDA charge. Mr. Steffy ultimately was found guilty of both charges.
Mr. Steffy has now pursued a direct appeal of his convictions, assigning three errors for our consideration:
First Assignment of Error
 The trial court abused its discretion and violated Appellant's right to due [process] under the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I, of the Ohio Constitution as well as Appellant's right to present a defense as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution by refusing to permit Appellant to present relevant, probative testimony sufficient to rebut the testimony of key prosecution witnesses.
Second Assignment of Error
 The judgment the trial court is not support by sufficient evidence.
Third Assignment of Error
 The judgment of the trial court is contrary to the weight of the evidence.
If believed, the evidence before the trial court was sufficient to sustain findings of guilt as to both charges. The second assignment of error is overruled.
The prosecution presented evidence in its case-in-chief. The defense chose not to present evidence for reasons discussed below in more detail under our discussion of the first assignment of error. Thus, the only weighing of the evidence is the balancing of evidence obtained on direct examination against evidence presented on cross-examination. The weight of the evidence was in favor of the prosecution case. The verdicts were not against the manifest weight of the evidence. The third assignment of error is overruled.
The primary issue for our consideration is whether or not the trial judge unfairly or unreasonably prevented the defense from presenting its case. The issue is the essence of the argument under the first assignment of error.
Defense counsel chose to reserve opening statements until after the prosecution had presented its evidence. Defense counsel, early in its opening statement, alleged that one of the police officers who arrested Mr. Steffy was a personal enemy of Mr. Steffy. The defense intended a demonstration that one or both officers had perjured themselves out of personal animosity toward Mr. Steffy while pursuing unwarranted traffic charges.
Defense counsel had begun presenting this theory in his opening statement when the prosecution objected. The trial judge then stated:
 THE COURT: Mr. Grove, what I did previously rule on was, unless you can demonstrate to me before presenting to this jury that this officer acted in such a way that was adverse to your client, thereby creating the issue of his prejudice or bias toward your client, that I was not going to allow you to introduce evidence of that nature that might tend to mislead or confuse this jury. I stand by that ruling now.
 You were suggesting in your comments to them that testimony is going to come out, when I have already ruled that unless you meet the condition precedent, that that's not going to be allowed.
***
 *** Now, you can try and ring the bell and then have it unrung later. We're not going to play that game. What I referred to as condition precedent was, unless you can first show that this officer's bias, prejudice or ill will towards your client affected how he was treated that night, unless you can give me some indication that that occurred, I am not going to allow a litany of evidence, testimony or otherwise — opening statement or otherwise that might tend to confuse or mislead this jury on the issues that they should properly be deciding. That's what I mean by the condition precedent. [Tr. 239-240.]
Defense counsel ultimately elected not to present evidence, but chose to proffer the evidence he supposedly could have presented but for the trial judge's ruling.
Evid.R. 403 reads:
(A) Exclusion mandatory
 Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.
(B) Exclusion discretionary
 Although relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence.
The trial judge's statements about the admissibility of the defense evidence seem to be an admonition to defense counsel that the judge intended to enforce Evid.R. 403(A). By the time the statements were made by the trial judge, defense counsel had spent a significant amount of time eliciting statements from Gahanna Police Officer James Ellsesser about the fact that Officer Ellsesser lived near Mr. Steffy and that the two had less than friendly interaction in times past. However, Mr. Steffy also had clearly driven his motor vehicle into the rear end of another vehicle which was stopped at a stop sign — a fact which defense counsel acknowledged before terminating his opening statement.
The issue to be resolved was whether or not the collision was the result of Mr. Steffy seeing a police officer he disliked, causing Mr. Steffy to be distracted; or Mr. Steffy was under the influence of alcohol at 12:49 in the morning.
The police officer who was talking to Officer Ellsesser when both officers witnessed the collision had been the first to testify at trial. That officer, Gahanna Police Officer Matthew Kissel, had described Mr. Steffy as walking with a lean and a with a sway "as if he was trying to be sure of his footing." (Tr. 8.) After walking a short distance, Mr. Steffy leaned on the trunk of his car to support his weight.
After Officer Kissel approached Mr. Steffy, Mr. Steffy indicated that he had been "sucker punched" about an hour earlier. As a result, Mr. Steffy was holding a napkin to his mouth. His lip was swollen, but not bleeding.
When Officer Ellsesser approached Officer Kissel and Mr. Steffy, Mr. Steffy asked Officer Ellsesser to help him, but Officer Ellsesser was "stand-offish," stating "I can't do anything for you." (Tr. 13.) Officer Ellsesser declined to take responsibility for the paperwork and testing, leaving Officer Kissel to handle the situation.
Officer Kissel administered field sobriety tests, which Officer Kissel testified Mr. Steffy performed poorly. Mr. Steffy refused to take a breathalyzer test after consulting with an attorney. Officer Kissel testified on cross-examination that after the arrest and field sobriety testing, Officer Kissel learned that Officer Ellsesser and Mr. Steffy were neighbors who did not like each other. Officer Kissel testified that the relationship was not known to him during the time when the testing and investigation were occurring. Officer Kissel consistently testified that the animosity, to the extent it existed, had no effect on him or how he did his job.
Officer Ellsesser also testified at trial, indicating that he chose to minimize his involvement in the arrest of Mr. Steffy because he knew him. Officer Ellsesser denied disliking Mr. Steffy, but acknowledged that they had some problems in the neighborhood.
Given the testimony provided during the state's case-in-chief, the trial judge was within his discretion to require some showing of potential proof before defense counsel speculated indefinitely about the arrest being some sort of vendetta. Although Mr. Steffy may view his arrest as being a vendetta, in reality, the fact he was charged with OMVI was clearly related to the fact that he had been drinking and ran his vehicle into the back of the truck which was stopped at a stop sign.
Further, the trial judge was willing to allow Mr. Steffy to testify about his past interaction with Officer Ellsesser. However, Mr. Steffy could not know what, if any, impact his neighborhood problems had on Officer Kissel. The relevant information had been developed, to the extent it could be developed, through cross-examination of Officer Kissel. Further development of the issue was either going to be speculation by Mr. Steffy or a repetition of information already presented by the Gahanna police officers.
The trial court did not err in its handling of the evidentiary matters. The first assignment of error is overruled.
All three assignments of error having been overruled, the judgment of the trial court is affirmed.
Judgment affirmed.
PETREE and BRYANT, JJ., concur.